# Exhibit F



**Southern Claim Center**
P.O. Box 470
Buffalo, NY 04240-0430

**Matt Steele**
Major Case Specialist
(678) 317-7315
(800) 238-6214 x317-3018
(877) 327-4176 direct fax
msteele3@travelers.com

October 18, 2021

John Tyson
Professional Pipe, LLC
P.O. Box 677
Norwood, NC 28128

Via email only (joeg.murillo@cemex.com)

Re: **Fatality of Tony Patino during welding of a water pipe in the ceiling at 1135 Towel Ave, Valley, AL 36854**
Our Insured:      John Soules Foods, Inc.
Our Incident #:   FRZ6900
Claimant(s):      the Estate of Tony Patino
Date of Incident: 9/09/2021

Dear Mr. Tyson:

Please accept this correspondence as a formal tender for the defense and indemnity of our insured John Soules Foods, Inc. ("JSF") with regard to the above captioned presently non-litigated claim where Tony Patino, a welder, apparently in the employ of sub-contractor Quinones Welding at the time of the incident, misstepped while in the ceiling above the boot washroom and fell through the ceiling headfirst approximately 12 feet to the concrete floor below. Mr. Patino apparently passed away from his injuries not long after being taken to the ER. Mr. Patino was performing welding functions on a water pipe in the ceiling at the JSF facility located at 1135 Towel Ave, Valley, AL 36854 on 9/09/2021. Professional Pipe, LLC (PP) was contracted to process pipe to connect, water and steam to JSF's process equipment and had apparently hired Mr. Patino (or his employer Quinones Welding) to perform welding work on the date of loss.

According to the Indemnity and Insurance Agreement between JSF and PP, PP "unconditionally indemnifies, defends and holds JSF" from all claims "that all claimants may ever assert against JSF or JSF's Affiliates, directly or indirectly relating to, arising from, based on, or connected with an Act or Omission" of PP PP's affiliates. The Agreement also indicates PP is to provide and "afford maximum protection for JSF."

Furthermore, and the primary basis of our tender, Section 4 of the Agreement addresses insurance stating that PP is to provide General Liability insurance naming JSF as an additional insured with PP's insurance to be primary and noncontributory. PP's GL policy must cover "claims for indemnity arising out of injury to employees of the insured." A requirement of an umbrella liability policy in the amount of $10,000,000 is also delineated in the Agreement.

Page 2

Consequently, we are formerly tendering our insured JSF's defense and indemnity to PP and request that PP adhere to the applicable agreement's requirements and handle this claim and defend and indemnity going forward based on its status as an additional insured under PPs GL policy along with the indemnification obligations.

If this tender is being rejected, the undersigned requests a copy of the applicable CGL policy to review to determine whether JSF is an additional insured, as required by the Agreement.

We are requesting an affirmative response no later than 30 days form the date of this letter or by Wednesday, 1117/21.

Thank you for your cooperation and please contact me between the hours of 7:00am - 4:00pm EST with questions.

Sincerely,

Matt Steele